**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4171**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

SAMUEL MICHAEL FINCH,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever, III, Chief District Judge. (5:14-cr-00025-D-1)

Submitted: November 30, 2015      Decided: December 7, 2015

Before KING, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

W. Michael Dowling, BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, L.L.P., Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, C. Michael Anderson, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Michael Finch pled guilty pursuant to a written plea agreement to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) (2012). The district court imposed an upward departure sentence of 72-months' imprisonment. Finch appeals, arguing that his sentence was both procedurally and substantively unreasonable. For the reasons that follow, we affirm.

We review a sentence imposed by a district court for reasonableness, applying a deferential abuse-of-discretion standard. United States v. Rivera-Santana, 668 F.3d 95, 100 (4th Cir. 2012). The first step in our review requires us to ensure that the district court did not commit significant procedural error, such as improperly calculating the Sentencing Guidelines range, failing to consider the factors listed in 18 U.S.C. § 3553(a) (2012), or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We then review the sentence for substantive reasonableness, taking into account the totality of the circumstances. United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012).

Finch contends that the court erred procedurally in departing upward based on an inadequate criminal history category because the court failed to use an incremental approach as set forth in United States v. Rusher, 966 F.2d 868, 884-85 (4th Cir. 1992), and departed directly from a category III to category V criminal history. A sentencing court, however, "is under no obligation to incant the specific language used in the guidelines, or go through a ritualistic exercise in which it mechanically discusses each criminal history category or offense level it rejects en route to the category or offense level that it selects." Rivera-Santana, 668 F.3d at 104 (internal quotation marks omitted). The district court observed that it was required to proceed in incremental fashion and explicitly rejected Finch's request for a category IV criminal history category. As such, we discern no procedural error.

In any event, any procedural error is harmless if "the upward variance based on the § 3553(a) factors justified the sentence imposed." Id. at 104. After addressing the relevant § 3553(a) factors, the district court stated that, even if it had departed in error, it would have imposed the same term of imprisonment as a variance sentence. Because the district court expressly noted that it would have imposed the same sentence under a variance, any procedural error was harmless so long as the sentence imposed was substantively reasonable. See United

3

States v. Gomez-Jimenez, 750 F.3d 370, 383 (4th Cir.), cert. denied, 135 S. Ct. 305, 384 (2014).

A sentencing court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [§ 3553(a)(2)]." 18 U.S.C. § 3553(a). In determining whether a variance sentence is reasonable, we must consider whether the degree of variance is supported by the court's justification, with a larger variance requiring more substantial justification. United States v. Diosdado–Star, 630 F.3d 359, 366 (4th Cir. 2011). We will, however, affirm if "the § 3553(a) factors, on the whole, justified the sentence" imposed. Id. at 367 (internal quotation marks omitted). "Even if we would have reached a different sentencing result on our own, this fact alone is insufficient to justify reversal of the district court." United States v. Pauley, 511 F.3d 468, 474 (4th Cir. 2007).

The district court adequately explained its sentence by reference to the 18 U.S.C. § 3553(a) factors, which the court expressly considered. United States v. Grubbs, 585 F.3d 793, 804 (4th Cir. 2009). The court concluded that, although several factors weighed in Finch's favor, ultimately the seriousness of the crime, Finch's past criminal history, and high likelihood of recidivism warranted a longer sentence. The court reasoned that such a sentence was needed for deterrence, for a just

4

punishment, to protect the community. In light of those factors, the court found that a 72-month sentence was adequate but not greater than necessary to accomplish the goals of sentencing set out in § 3553(a).

The district court considered arguments from the parties, listened to Finch, and explained its sentence, specifically addressing various § 3553(a) factors. Under these circumstances, we cannot conclude that the district court abused its discretion, and we find that the sentence was substantively reasonable.

Accordingly, we affirm Finch's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED